The opinion of the Court was delivered by
O’Neall, J.
This case will be decided upon the first ground alone, for all the others, except that relating to the books, depend upon it; and that, in reference to the admissibility of the books, can not affect the case, inasmuch as the Judge tells us, he excluded them.
I think, the defendant Milnor, called by the plaintiff and consenting to be sworn, was a competent witness for the plaintiff.
It is very true, that in many of the elementary works, it is laid down, that he cannot be a witness. For example, in Gilbert on Evidence, 243, it is said, “ from this rule” concerning interest “ a corollary may be deduced, that the plaintiff or de *206 fendant cannot be a witness in his own cause: for these are the persons that have a most immediate interest: and it is not to be presumed that a man, who complains without a cause, or defends without justice, should have honesty enough to confess it.”
The very reasons which are thus assigned for the exclusion being removed, shew that ralione cessante cessat ipsa lex. The witness, offered in this case, is to swear against his own interest, and he comes forward voluntarily to admit that his defence is without justice.
In 1 Greenleaf Ev. § 354, the learned author says, the better opinion is against the admissibility of one of several plaintiffs or defendants as a witness. Notwithstanding my great respect for the opinions of this eminent jurist, I am constrained to hold differently.
Phillips on Evidence, p. 69, sec. 2, puts the exclusion on the grounds of either having “ a certain benefit or loss, or from being liable to costs.” Here the party offered to be sworn is by his own testimony to have no benefit, he is to charge himself with both debt and costs. The reasons of the exclusion here given are all taken away: and hence the witness not being within the reason of the rule may be examined.
The note 129, at page 142 of 2 Phillips on Evid. by Cowen and Hill, fully sustains the proposition, but in the opinion of the annotators, the plaintiff might be sworn under the qualification stated in the outset of this opinion.
Norden vs. Williamson, 1 Taun. 378, is a direct authority on this point. O. J. Mansfield there said, “ I know no reason, why if the defendant is willing to admit him, and the plaintiff is willing to give evidence against himself, he should not be suffered to do so,” and accordingly he was admitted.
It may, however, be tested in another way. The defendant Milnor is called here, to prove acts and declarations of himself, while a partner. There can be no doubt, that such acts and declarations, if proved by another, would charge the firm. If the defendant’s admissions made during the continuance of the *207 firm are evidence, I confess I do not see why he may not give to them the higher sanction of his own oath.
It has been supposed, that there is a rule of policy, which would exclude such a witness. I am not aware of it. The policy of Courts of Justice is to ascertain truth, and mete out the results of justice, as sanctioned by law. The admission of the party under the qualification already stated, is within such policy. But our Courts have not felt themselves fettered by any such rule of policy, as is supposed by the defendant Calder.
In Price, Ordinary, (it should be Rice, Ordinary) vs. Gregory, (4 McC. 261) the plaintiff (who was nominal — the real plaintiff having on the record acknowledged himself to be liable for costs) was admitted as a witness to prove the factum of a bond executed to himself.
In Kendrick vs. Campbell and Clark, 1 Bail. 522, one of the defendants was admitted by the consent of all concerned and sworn as a witness.
I am hence satisfied that the Judge below did not err in admitting the defendant Geo. H. ’Milnor, to testify. The motion is dismissed.
Wardlaw, Frost, Withers, WhitNer and Glover, JJ., concurred.

Motion dismissed.